Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### NEW AMSTERDAM CASUALTY CO. v. SPAETH.

(Supreme Court, Appellate Term. January 21, 1910.)

INSURANCE (§ 188*)—CANCELLATION OF POLICY—NOTICE—EVIDENCE.

Where the policy of the casualty company provided that it might be canceled by written notice, the assured cannot claim, in an action for premiums, that the company accepted oral notification in lieu of written, from the fact that he notified the company's broker that he wished it canceled, and the broker reported this to the company's underwriter, where the evidence as to what reply the underwriter made is in conflict.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the New Amsterdam Casualty Company against George Spaeth. From an adverse judgment, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Cass & Apfel, for appellant.
Paul M. Crandall, for respondent.

LEHMAN, J. Plaintiff sues for excess premiums based upon defendant's pay roll, which it claims are due under two policies dated March 12, 1907, and March 12, 1908. The only issue in the case was whether the second policy was canceled in June, as claimed by the defendant, or in November, as claimed by the plaintiff.

The policy contains a provision that it may be canceled by the company by written notice to the assured, stating when the cancellation shall be effective. It may be canceled by the assured by like notice. It is conceded that the assured never gave any written notice to can-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cel in June. It appears, however, that in June the insurance company notified its broker to call upon the defendant to collect the excess premium upon the first policy. The defendant then notified the broker that he wished the second policy canceled. The broker reported this to the plaintiff's underwriter. The broker's testimony is very hazy upon what the underwriter said. He remembers nothing about the conversation, but says he believes that he did not say a word about it, because "they mostly don't say a word." The underwriter, however, is positive that he stated that he required a written notification.

Under these circumstances the direction of a verdict that the policy was canceled in June was clearly erroneous. Unless the contract was canceled by mutual consent, which is certainly not the case here, it could be canceled only in the manner provided by the contract; i. e., by written notice. The broker had certainly no right to waive this requirement. At most, he was a messenger to carry the oral notice to the company's office, and the defendant presented absolutely no competent proof that the company had then accepted the oral notification, and thus by its overt act misled the defendant into the belief that his cancellation was sufficient.

Owing to errors in the admission of evidence, I do not think that we can direct judgment for the plaintiff; but the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.